36 F.3d 1112
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jack C. BANKS, Jr., Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7053.
 United States Court of Appeals, Federal Circuit.
 Aug. 17, 1994.
 
 Before PLAGER, LOURIE, and RADER, Circuit Judges.
 ON MOTION
 ORDER
 LOURIE, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Jack C. Banks Jr.'s appeal for lack of jurisdiction. Banks opposes.
 
 
 2
 On November 24, 1992, the Board of Veterans Appeals issued a decision concluding that Banks had not submitted new and material evidence sufficient to reopen his claim for service connection for hip and leg disabilities. The Court of Veterans Appeals summarily affirmed the Board's decision.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In his opposition, Banks asks this court to review the merits of his case "even in the course of appellant's challenge to a factual determination." Banks challenges the authenticity of the medical records relied on by the Board and points out his request to the Board "for a correction of factual information." Although Banks frames his arguments as including statutory, regulatory and constitutional issues, the crux of Banks' arguments are that the Board erred in its factual determination that his hip and leg disabilities were not service-connected. However, this court has no jurisdiction to review either factual determinations or challenges to the law as applied to the facts of a case. As this court has no jurisdiction to conduct the inquiry that Banks requests, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.